JACOB APPEL, Respondent, *v.* GUSTAVE WOLTMANN AND CARL EBENAU, Appellants.

*Payment—Tender—U. S. Treasury Notes.*—A tender of payment made in U. S. treasury notes, declared by act of Congress to be a legal tender in payment of debts between individuals, is a good tender, although the contract to pay stipulate that the debt "shall be paid in the current gold coin of the United States in full tale or count, without regard to any legal tender that may be established or declared by any law of Congress." As a legal medium of payment, there is no distinction between U. S. treasury notes made a legal tender and the gold coin of the United States. (See *ante* Riddlesbarger et al. v. McDaniel et al., 138; Henderson v. McPike, 35 Mo. 255.)

### Appeal from St. Louis Land Court.

On the 1st of September, 1859, Jacob Appel, the plaintiff, executed his deed conveying a parcel of land to Gustavus Woltmann in trust, to secure to Charles Ebenau the payment of a promissory note for $2,000, payable three years

after date, and six interest notes for $100 each, payable one every six months. The interest notes were duly paid at maturity. On the 17th of June, 1862, before the maturity of the principal note, and after the passage of the act of Congress of February 16, 1862, known as the Legal Tender Act, the plaintiff and defendant Ebeneau made a contract in writing as follows :

" Whereas, by deed of trust dated the first day of September, 1859, recorded in the recorder's office of St. Louis county, in book 226, p. 510, I conveyed unto Gustavus Woltmann, trustee of Carl Ebenau, the real estate in said deed described, in trust to secure the payment of the promissory note in said deed described; and whereas I desire to procure an extension of the time of payment of said note for the sum of two thousand dollars, due September 1, 1862, and said Carl Ebenau has agreed to extend the time for the payment of said note for the period of one year, upon the condition that said note and the interest thereon at the rate of ten per centum, to be paid September 1, 1863, shall be paid in the current gold coin of the United States, in full tale or count, without regard to any legal tender that may be established or declared by any law of Congress : Now therefore, in consideration of the premises, and of said extension, I do hereby bind myself, my heirs and assigns, and for them do covenant that said land as a security described in said deed of trust shall be subject to the terms of the covenant to pay said note, and all interest thereon, in the current gold coin of the United States ; that I will pay said note and all interest thereon, in said gold coin of the United States, in full tale, to the said Carl Ebenau, his representatives and assigns. And for the full performance of this covenant, I do hereby affect and bind said land and all claiming the same by, through or under me. Witness my hand and seal, this seventeenth day of June, eighteen hundred and sixty two.— Jakob Appel. [Seal.]"

On the 11th of September, 1863, the defendant Ebenau, at the request of the plaintiff, agreed to forbear the collection

of the debt, then due, for one year, in consideration of which the plaintiff agreed to pay interest on the amount at the rate of ten per cent. per annum, payable semi-annually. In pursuance of this agreement, the plaintiff paid the semi-annual interest due on the 1st of March, 1864. On the 14th day of March, 1864, nearly six months before the expiration of the second extension, the plaintiff tendered to the agent of Ebenau the amount then accrued, in United States treasury notes (commonly called legal tender notes, or greenbacks). The defendant Ebenau refused to accept the money, stating that the debt was not due ; that he did not demand it, or require its payment; that he had no intention to foreclose the mortgage ; that the debt was payable in gold coin ; and declared his readiness to grant further extension and forbearance at the expiration of the time granted, if desired by plaintiff. On the 18th of March, 1864, the debtor, Appel, commenced this action, stating that the debt was due on the 14th of March ; that he tendered payment, which was refused ; and asks that the defendant Ebenau be forever enjoined from enforcing his deed of trust; that he be compelled to surrender the note held by him ; that the deed of trust be cancelled and released, and the debt be discharged. Plaintiff brought the amount tendered into court. The defendants in their answer set forth the facts above stated. Plaintiff admitted that the facts as stated in the answer were true. The court found that the debt was due on the 14th of March, 1864; that payment was duly tendered. No mention was made in the decree of the contracts of forbearance and the agreement to pay in gold ; and the court granted the prayer of the petitioner. The defendant Ebenau filed his motion for rehearing, and for a new trial; which was overruled.

*Krum, Decker & Krum*, for appellants.

On behalf of appellants, it is submitted :

I. The plaintiff tendered payment before maturity of the debt. The contracts of forbearance entered into between plaintiff and Ebenau were valid, being made for a valuable

consideration—Boyd v. Frieze, 5 Gray, 553 ; 34 Penn. 60 ; 9 Vt. 233 ; 3 Watts & S. 445 ; 2 Shep. 138 ; Wright, 434 ; 33 Miss. 389.

*a.* The first contract of forbearance was supported by two considerations, to-wit, the payment of the debt in gold coin, and the payment of interest at ten per cent.—neither of which could have been demanded but for that agreement. After maturity, the principal note bore only six per cent. interest.

*b.* The second agreement continued the operation of the first contract for another year ; was fully supported by the consideration in the first contract, and was supported independently and made valid by an additional consideration, to-wit, the payment of interest at ten per cent. in semi-annual instalments.

II. A contract of forbearance, although it cannot be set up by the debtor as a defence against the creditor's action for the debt, can be enforced by either party to the contract, either by an action at law to recover damages for the breach of the contract, or by proceedings in equity to restrain the collection of the debt—Atwood v. Lewis, 6 Mo. 392 ; Bircher v. Payne, 7 Mo. 462 ; Garnier v. Papin, 30 Mo. 243 ; Bridge et als. v. Tierman, 36 Mo. 439.

IV. Admitting for the sake of argument, that, at the time of the tender, the debt was due, the tender was not sufficient in law. The contract to pay in gold coin of the United States, in full tale or count, was valid in law.

*Taussig,* for respondent.

I. That Congress has power to make the treasury notes legal tender in payment of debts, and that therefore all contracts to pay in gold coin of the United States, whether made before or after the act of Congress, are satisfied by a tender of treasury notes ; that the courts cannot recognize a gold dollar as more valuable than a paper dollar ; these questions have been decided in the affirmative by all judicial tribunals in the States, wherever they have arisen, either directly or

indirectly, and have never been denied by any judicial tribunal in this country. In New York—Hague v. Powers, 39 Barb. 435; 27 N. Y. 400. Iowa—Warnibold v. Schlicting, 16 Iowa, 243; Troutman v. Gowing, 16 Iowa, 415. Indiana—Theyer v. Hedges, 23 Ind. 141 (overruling same case, 22 Ind. 283). Penn.—Schoenberger v. Watts, 10 Am. L. R. 553. Mass.—Wood v. Bullens, 6 Allen, 518. Missouri—Henderson v. McPike, 35 Mo. 255; Riddlesbarger et al. v. McDaniel, *ante* 138. Any different decision in this State would destroy, at least impair, our commercial relations with other States.

II. The only other matter left in the answer is, whether the second verbal agreement by Ebenau to extend the time of payment of the $2,000 note, for one year from the 1st of September, 1863, is an equitable or legal defence to this action.

Respondent takes two grounds in respect to this agreement:

*a.* It is without consideration, and therefore *nudum pactum.* Appel neither paid, nor agreed to pay, anything for the forbearance or extension. The note, on its face, bears ten per cent., and that is precisely the interest Ebenau would receive, in any event, if he forbore the collection of the note. Hence Appel agreed to nothing, neither expressly, nor by implication.

*b.* The alleged agreement to extend payment for one year is no defence to any suit or proceeding to collect the note.— Atwood v. Lewis, 6 Mo. 392; Bircher v. Payne, 7 Mo. 462; Garnier v. Papin, 30 Mo. 243, and re-affirmed in Bridge et als. v. Tierman, 36 Mo. 439; 2 Sandf. 47.

WAGNER, Judge, delivered the opinion of the court.

There are but two questions presented by the record which demand our consideration. The first is, whether the plaintiff tendered payment before the maturity of the debt; and this depends upon the question whether the second agreement for forbearance, entered into between plaintiff and

Ebenau, was valid, and operated as an estoppel, so as to prevent the bringing of an action whilst it was in force. As to the first contract made in writing, extending the time of payment for one year, there is no dispute. The second agreement was merely verbal, and professed to give an extension in consideration of the obligor paying ten per cent. interest. It is contended that the note bore ten per cent. interest by its terms, and therefore the agreement was *nudum pactum* and invalid. The note is not copied in the transcript, and we have no means of ascertaining what rate of interest was expressed on its face. That ten per cent. was to be paid up to the time of its maturity, is sufficiently evinced by the separate interest notes which were given and paid; but whether any particular rate was specified after it became past due, does not appear. The bill of exceptions being thus defective, and the court having found that the debt was due when the tender was made, we are bound to presume that the decision was correct.

The next question is as to the sufficiency of the tender, it having been made in United States legal tender treasury notes. The contract provides that the note and the interest thereon "shall be paid in the current gold coin of the United States, in full tale or count, without regard to any legal tender that may be established or declared by any law of Congress."

In construing a contract, the first great principle is to arrive at the intention of the parties. The words are, that the debt shall be paid in current gold coin of the United States, in full count. It is not a contract to be paid in bullion, or in so many pounds or ounces of gold, but in a certain number of dollars, current coin. It is clear that the transaction does not regard gold as a commodity, but as money. Before the passage of the law of Congress, the words would have been superfluous, because the creditor would have had the legal right to demand the payment of his debt in gold coin. But by law Congress has made treasury notes of like legal value with gold, and declared they should be legal tenders in satis-

faction of private debts. As a legal medium, then, there can be no distinction taken between them and gold. Had the contract called for payment in United States legal tender treasury notes, can there be any doubt as to the right of the debtor to discharge it by paying gold? Surely not, because gold is a legal tender, made so by law. If, then, a contract stipulating for the payment of treasury notes can be satisfied by the tender and payment of gold, will not the converse of the proposition equally hold true, and permit a contract payable in gold to be discharged and satisfied by legal tender treasury notes? They are both alike legal tenders, and of equal value by law; they are both placed upon the same basis, and no line of discrimination can be drawn between them. The law of Congress authorizing the issue of treasury notes being constitutional and binding, there is no escape from this conclusion. Where suit is brought on a contract payable in specific chattels, the judgment of the court is not for payment of the articles in kind, but for the damages which have resulted to the creditor in consequence of the breach of contract, and this judgment can be paid off and satisfied in whatever money the law has clothed with the attributes of legal tender. Now suppose the creditor here had sued on his note, and come into a court of law to enforce its collection, the court would not have rendered judgment payable in gold, but simply for so many dollars found due him when his demand was liquidated, and the debtor would unquestionably have had the right to pay off and discharge the judgment with either gold, silver, or treasury notes; for they are all legal tenders, and, in legal estimation, possess the same value.

It is a notorious fact, which has passed into the history of the country, that, for purposes of trade and in commercial transactions, there is a difference made between treasury notes and specie coin; but, whatever fluctuations there may be arising from extraneous causes, the debtor's right to pay in whatever medium he chooses cannot be affected. In administering the law, gold and treasury notes must be consid-

ered as equal, and no difference or discrimination can be allowed.

Judgment affirmed.   Judge Holmes concurs; Judge Lovelace absent.